UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE CORP., <br><br> **Plaintiff,** <br><br> v. <br><br> PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD, <br><br> **Defendant.** | Civil Action No. 24-2443 (JEB) |

## ORDER

Plaintiff John Doe Corporation filed this statutory and constitutional challenge against the Public Company Accounting Oversight Board in the Southern District of Texas last March. See ECF No. 1 (Compl.). On August 22, 2024, Judge Lee H. Rosenthal of that district issued an Order transferring the matter to the District of the District of Columbia. See ECF No. 39 (Transfer Order). Doe Corporation then moved to stay proceedings in this district while it sought a writ of mandamus from the Fifth Circuit directing the Southern District of Texas to request a return of the case. See ECF No. 42 (Motion to Stay). This Court denied that motion, observing that Plaintiff had not yet even sought such an order or any other relief from the Fifth Circuit. See ECF No. 48 (Stay Order) at 2. Doe Corporation subsequently petitioned for and received that writ. See ECF No. 51 (Notice of Mandamus). The Fifth Circuit there held that the immediate transfer of the case violated the Southern District of Texas's General Order requiring that all contested transfers be "stayed for 21 days from the date the order [is] entered on the docket," ECF No. 51-2 (Mandamus) at 1 (quoting S.D. Tex. Gen. Ord. 2024-2), and it directed the district court "to request that DDC transfer Doe

1

Corporation's case against the Board back to SDTX." Id. at 2. It "expresse[d] no view," however, "as to the merits" of the transfer order. Id. On October 4, 2024, the Southern District of Texas requested this Court to return the matter. See ECF No. 51-1 (Return Request Order).

Plaintiff now proposes that the Court honor that request. See Notice of Mandamus; ECF No. 51-3 (Proposed Order). Defendant opposes this course of action, arguing that the Fifth Circuit, by ruling on "narrow procedural grounds," implicitly conceded that the original transfer was correct on the merits. See ECF No. 52 (Opp.) at 2–3 (quotation marks omitted). It also contends that Doe Corporation will face an uphill climb in reversing the original transfer decision if the case is sent back, see id. at 4–10, so returning the case will only delay its resolution and waste judicial resources. See id. at 10–11. This Court, however, will not take up the Board's invitation to read the tea leaves of the Fifth Circuit's narrow mandamus or to otherwise opine on the appropriateness of the transfer decision at this juncture. Out of respect for its sister district, it will follow the overwhelming consensus among other courts and return this prematurely transferred case. See Clarke v. CFTC, No. 24-167 (D.D.C. May 22, 2024), ECF No. 78 (Order) at 4 (citing cases taking this approach). The matter may well return here, but that will be for the judges in Texas to determine.

For the foregoing reasons, the Court ORDERS that the case be TRANSFERRED back to the District Court for the Southern District of Texas.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: November 19, 2024